Opinion filed September 18, 2008 











 
 
  
 
 







 
 
  
 
 




Opinion filed September
18, 2008 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                      Nos. 11-08-00007-CR & 11-08-00008-CR

                                                    __________

 

                                  BRACK EARL DANIELS, Appellant

 

                                                             V.

 

                                         STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 350th District Court

 

                                                          Taylor
County, Texas

 

                                          Trial
Court Cause Nos. 7445D & 7981D

 



 

                                             M E
M O R A N D U M    O P I N I O N








Brack
Earl Daniels appeals from two judgments adjudicating his guilt.  In Cause No.
11-08-00007-CR, appellant originally entered a plea of guilty to the offense of
possession of marihuana in a drug free zone.  Pursuant to the plea bargain
agreement, the trial court deferred the adjudication of guilt, placed appellant
on community supervision for four years, and assessed a $1,000 fine.  In Cause
No. 11-08-00008-CR, appellant entered a plea of guilty to the offense of
evading arrest.  Pursuant to the plea bargain agreement, the trial court
deferred the adjudication of guilt, placed appellant on community supervision
for three years, and assessed a $750 fine.  At the hearing on the State=s motions to adjudicate,
appellant entered pleas of true to the  State=s
allegations.  In each case, the trial court found the allegations to be true,
revoked appellant=s
community supervision, and adjudicated his guilt.  In Cause No. 11-08-00007-CR,
the trial court imposed a sentence of confinement for six years and assessed a
$1,000 fine.  In Cause No. 11-08-00008-CR, the trial court imposed a sentence
of confinement for twenty months in a state jail facility and assessed a $750
fine.  We affirm.

Appellant=s court-appointed counsel
has filed a motion to withdraw in each case.  The motions are supported by
briefs in which counsel professionally and conscientiously examines the record
and applicable law and states that he has concluded that the appeals are
frivolous.  Counsel has provided appellant with a copy of each brief and
advised appellant of his right to review the record and file responses to
counsel=s briefs. 
Responses have been filed. 

In
each case, appellant has filed a response arguing that the trial court erred by
entering a nunc pro tunc order correcting the degree of his possession offense
stated in the order deferring adjudication of guilt from a state jail felony to
a third degree felony.  Appellant also asserts that his due process rights were
violated and that his trial counsel allowed him to enter guilty pleas while two
warrants were outstanding.  Appellant further argues that he does not Asee any credits issued on
any of [his] time sheets@
for time he contends that he has served.

The
record before this court does not support appellant=s contentions.  Appellant cannot  raise this
collateral attack on the order deferring the adjudication of guilt in a direct
appeal from the judgment adjudicating his guilt.  Nix v. State, 65
S.W.3d 664, 667 (Tex. Crim. App. 2001).  Moreover, we note that the order nunc
pro tunc was properly entered.  All of appellant=s
contentions have been considered, and each is overruled.

Court-appointed
counsel has complied with the requirements of Anders v. California, 386
U.S. 738 (1967); In re Schulman, 252 S.W.3d 403 (Tex. Crim. App. 2008); Stafford
v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991); High v. State, 573
S.W.2d 807 (Tex. Crim. App. 1978); Currie v. State, 516 S.W.2d 684
(Tex. Crim. App. 1974); Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App.
1969); Eaden v. State, 161 S.W.3d 173 (Tex. App.CEastland 2005, no pet.).








Following
the procedures outlined in Anders, we have independently reviewed the
record, and we agree that the appeals are without merit.  We note that counsel
has the responsibility to advise appellant that he may file petitions for
discretionary review by the Texas Court of Criminal Appeals.  Ex parte Owens,
206 S.W.3d 670 (Tex. Crim. App. 2006).  Likewise, this court advises appellant
that he may file petitions for discretionary review pursuant to Tex. R. App. P. 66.  Black v.
State, 217 S.W.3d 687 (Tex. App.CEastland
2007, no pet.).

The
motions to withdraw are granted, and the judgments are affirmed.

 

PER CURIAM

 

September 18,
2008

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.